## JUNG v. SCHOLL.

Court of Customs and Patent Appeals.
February 6, 1930.

Patent Appeal No. 2203.

Murray & Zugelter, of Cincinnati, Ohio (Frank L. Zugelter, of Cincinnati, Ohio, of counsel), for appellant.

Charles W. Hills, of Chicago, Ill. (A. C. Mabee and Myron G. Clear, both of Chicago, Ill., of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge. Appeal is here taken from the decision of the Board of Appeals of the Patent Office, awarding priority of invention to William M. Scholl.

The subject-matter of the invention is a brace or support, referred to as a "metatarsal arch support" for treatment of foot troubles, such as weak or fallen arches. The device comprises an annular band of elastic or webbing for encircling the human foot between the toes and ankle, and a pocket forming means is carried by the annular band. Pads of various kinds, thicknesses, and shapes, of rubber, felt, cotton, or other material, required for supporting the bones of the foot, may be inserted in the pocket.

The interference was declared after Jung's patent issued. Scholl filed his application seven days before the issuance of Jung's patent. The Board of Appeals and the examiner of interferences found that Jung conceived the invention and reduced the same to practice on June 30, 1923. While Scholl expresses some disbelief of the fact that Jung did so conceive and reduce to practice on that date, he does not dispute but that the evidence in the record justifies that conclusion. Scholl calls special attention to the fact that Jung "did not file his application until June 18, 1924, over three months after Scholl had sold his pads in Cincinnati, Jung's home city, and that Jung's pads did not go on the market until early in 1925, about a year after Scholl's pads were on the market."

Scholl claims he conceived the patent in the year 1922 and reduced it to practice in January, 1923. Scholl is a physician and surgeon, and an orthopedic specialist, has been engaged in orthopedic work since 1904, and is president of the Scholl Manufacturing Co., Inc., which was and is engaged in the manufacture and sale of foot appliances, remedies, and specialties. Scholl's testimony shows that several of the pads were made experimentally in 1922; that in January, 1923, Exhibit No. 2, around which there is considerable controversy in the case, was made, dated, and signed by the witness Samuel Berman; and that this exhibit was displayed to a number of persons on or about that date. Dr. Scholl made several pads like Scholl Exhibit No. 2 and delivered them early in 1923 to the Illinois College of Chiropody for use in the clinic maintained by that school. Three witnesses, Samuel Berman, John G. O'Malley, and Edward J. Hartung, testified on behalf of Scholl, and their testimony supports different phases of Scholl's testimony.

The examiner of interferences, while expressing some dissatisfaction as to the Scholl proof, stated:

"On the ground that Scholl was first to conceive and was diligently engaged in reducing his invention to practice at the time when Jung entered the field and until Scholl's own reduction to practice was completed, it is held that Scholl is the prior inventor."

The Board of Appeals agreed with all the findings of the examiner of interferences and affirmed his decision.

Before the examiner, the Board of Appeals, and this court, Jung has contended that, under the rule laid down in Ball v. Flora, 26 App. D. C. 394, 121 O. G. 2668, Scholl, being the junior party, was required to "fix definitely a date of conception" and must "satisfactorily establish the fact of the conception" prior to June 30, 1923. He contends that, since the examiner expressed dissatisfaction with the character of proof offered by Scholl, he should have found against Scholl, and we are asked to go into the testimony, which has been discussed and analyzed with great care by Jung, and hold that Scholl did not "fix definitely" a date of conception, and award priority to appellant herein.

The testimony is long and, in places, somewhat conflicting or at least confusing. In the testimony of several witnesses, testifying to dates and circumstances surrounding them, which are three or four years removed from the date of giving testimony, discrepancies are not unusual. Their existence need not necessarily require the rejection of the testimony. In spite of discrepancies, testimony, oftimes, is amply sufficient to prove essential facts.

The testimony was sufficient basis for the tribunals below to award conception to Scholl some time in January, 1923, or at least prior to June 30, 1923, which is the date of conception and reduction to practice of Jung, and, in the view of the examiner and the Board, the testimony was sufficient to show that Scholl, in his reduction to practice, had diligently proceeded from the date of conception.

We do not think Ball v. Flora, supra, is authority for requiring Scholl to fix one particular date in January. It is sufficient if the evidence definitely fixes the fact that his conception was prior to June 30, and that from that date he was diligent. This is in accordance with the views expressed by the Board of Appeals as follows:

"The words of the Court 'failed to fix definitely' merely mean that the testimony was not definite and are in no way a ruling that the conception must be proven as of a definite date. If it can be shown that conception occurred some time in January, that is sufficient where the dates of the other party are long after any day in January."

We do not regard it as necessary or helpful to discuss the evidence in detail. We think it abundantly supports the views taken by the tribunals below, and certainly we cannot say that their views in regard to it are clearly erroneous.

The decision of the Board of Appeals is affirmed.

Affirmed.